**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**KIMBERLY ANNETTE BRADLEY,**

    **Plaintiff,**

**v.**                                                     **No. CIV-12-0903 KBM/LAM**

**NEW YORK LIFE, INSURANCE COMPANY,**

    **Defendant.**

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL

**THIS MATTER** is before the Court on ***Defendant's Motion to Compel Discovery Responses (Doc. 35)***, filed March 27, 2013. Plaintiff filed her response on April 11, 2013 [*Doc. 44*], and Defendant filed its reply on April 29, 2013 [*Docs. 48* and *49*]. Having considered the parties' submissions, the record of the case, and relevant law, the Court **FINDS** that ***Defendant's Motion to Compel Discovery Responses (Doc. 35)*** shall be **GRANTED in part** and **DENIED in part**.

This case arises from allegations that Defendant violated the Family and Medical Leave Act (hereinafter, "FMLA") by interfering with Plaintiff's use of her FMLA benefits and retaliating against Plaintiff for using her FMLA benefits. [*Doc. 1* at 1-2]. Plaintiff asserts four causes of action: (1) interference with her rights provided by the FMLA; (2) retaliation against her for asserting her rights provided by the FMLA; (3) breach of implied contract to discharge her only for cause; and (4) breach of implied contract to follow certain procedures in discharging her. *Id.* at 8-12.

In its motion to compel, Defendant contends that Plaintiff's responses to Interrogatory Nos. 1, 2, 3, 7, 8, 11, 12, and 14, and to Request for Production No. 2 are incomplete, vague, evasive and/or non-responsive, and that Plaintiff did not provide signature blocks on her answers to Defendant's First Set of Interrogatories or Defendant's First Set of Requests for Production in violation of Rule 11 of the Federal Rules of Civil Procedure. [*Doc. 35* at 2-3]. Defendant asks the Court to order Plaintiff to supplement her answers to the interrogatories and request for production, and for attorney's fees and costs incurred in connection with the motion to compel. *Id.* at 3.

In response, Plaintiff states that she has provided Defendant with supplemental answers and information to cure the alleged deficiencies in her answers to discovery. [*Doc. 44* at 1-4]. Plaintiff states that she "has been led to believe that the Motion to Compel would be withdrawn by the Defendant." *Id.* at 4.

In its reply, Defendant states that the parties have resolved all of the issues set forth in Defendant's motion to compel except the issue of the amount of damages claimed by Plaintiff (Interrogatory No. 3), and that all of the other discovery issues are moot.[1] [*Doc. 48* at 1]. Defendant states that Plaintiff's supplemented answer to Interrogatory No. 3 is inadequate because it does not fully quantify the amount of her damages. *Id.* at 1-2. Defendant further states that Plaintiff has not made a demand for settlement purposes, which makes the case difficult to evaluate for the upcoming settlement conference on June 10, 2013. *Id.* at 2. Defendant, therefore, asks the Court to "order Plaintiff to quantify the total amount of her damages and present a settlement demand to Defendant." *Id.*

---

[1] It, therefore, appears that Defendant has abandoned its request for attorney's fees and costs. If Defendant is still seeking an award of attorney's fees and costs, however, the Court finds that they are not warranted under these circumstances.

Interrogatory No. 3 asks Plaintiff to identify each item of damages she seeks, including:

    a.    the count or defense to which the item of damages relates;

    b.    the category into which each item of damages falls, *i.e.*, back pay, front pay, compensatory damages, punitive damages, attorneys' fees, interest and any other categories; [and]

    c.    the factual basis for each item of damages; and an explanation of how you computed each item of damages, including any mathematical formula used.

[*Doc. 49* at 6]. In Plaintiff's supplemental answer, Plaintiff states:

> For Counts One and Two relating to the [FMLA] please see the requested relief contained in the Complaint. In further explanation of the relief requested in the Complaint be aware that I seek:
>
>     I.    Damages re FMLA Interference/Denial Claim:
>
>         A.    Salary/52 weeks x # of weeks of benefit denied"
>
>         B.    Interest on this amount,
>
>     II.    Damages re FMLA Discrimination/Retaliation Claim:
>
>         A.    Reinstatement or Front pay - $106,500
>
>         B.    Back Pay - $106,500.00
>
>         C.    Liquidated Damages - $106,500.00
>
>         D.    Interest on the Back Pay and the Liquidated Damages
>
>         E.    Attorney fees - Amount unknown at this time.
>
> For Counts Three and Four relating to the Breach of Implied Contract please see the requested relief contained in the Complaint.

*Id.*

The Court finds that Plaintiff's supplemental answer to Interrogatory No. 3 fails to provide an adequate answer. While Plaintiff refers Defendant to the Complaint for an answer to this interrogatory, and the Complaint contains each item of damages which Plaintiff seeks, the Complaint does not provide the categories into which each item of damages falls, the factual basis for each item of damages, or an explanation of how Plaintiff computed each item of damages, including any mathematical formulas used, as requested in Interrogatory No. 3. *See* [*Doc. 1* at 8-12]. Plaintiff's referral to the Complaint for Counts Three and Four in response to this interrogatory, therefore, is not sufficient. In addition, Plaintiff's answer regarding Count One fails to provide the categories into which each item of damages falls or a factual basis for each item, and Plaintiff's answer regarding Count Two does not provide a factual basis for each item or an explanation of how the damages were calculated. The Court, therefore, finds that Defendant's motion should be granted with regard to Interrogatory No. 3 and Plaintiff shall provide supplemental information to fully answer the interrogatory as set forth above.

With regard to Defendant's request that the Court order "Plaintiff to quantify the total amount of her damages," the Court finds that Interrogatory No. 3 does not ask Plaintiff to quantify or calculate her damages, so the Court will not order Plaintiff to do so. In addition, Defendant's request that the Court order Plaintiff to present a settlement demand to Defendant is improperly made in a reply brief, and, therefore, the Court will not address it. *See* D.N.M. LR-Civ. 7.1(a) ("A motion must be in writing and state with particularity the grounds and the relief sought."). However, the Court notes that, in the ***Order Setting Settlement Conference*** *(Doc. 42)*, which re-set the settlement conference in this case to June 10, 2013, Plaintiff is required to make a settlement demand no later than fourteen (14) days prior to the settlement conference. [*Doc. 42* at 1-2].

**IT IS THEREFORE ORDERED** that, for the reasons set forth above, *Defendant's Motion to Compel Discovery Responses (Doc. 35)* is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff shall provide a second supplemental response to Interrogatory No. 3, as set forth above, **by May 7, 2013**.

**IT IS SO ORDERED.**

*/s/ Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**