IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KIMBERLY ANNETTE BRADLEY,

     Plaintiff,

v.                                       CIV 12-0903 KBM/LAM

NEW YORK LIFE, INC.,

     Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Motion for Judgment on the Pleadings *(Doc. 20)* filed February 5, 2013, by Defendant New York Life Insurance Company ("New York Life"), incorrectly named as New York Life, Inc. and on the Motion and Memorandum for Leave to File Her First Amendment of Complaint (*Doc.* 34) filed March 22, 2013, by Plaintiff.  Pursuant to 28 U.S.C. § 636(c), the parties have consented to have me serve as the presiding judge and enter final judgment.  *Docs. 8, 9, 10.*  Having reviewed the parties' written submissions and being otherwise fully informed, I find the Motion for Judgment on the Pleadings is not well taken and should be denied.  I further find that the Motion to Amend is now moot and should likewise be denied.

I.    **BACKGROUND**

Plaintiff was an employee of Defendant New York Life from 1998 through August 2010.  *See Doc. 1* at ¶¶ 6-8.  Two months before she was terminated, Plaintiff began exercising her rights under the Family Medical Leave Act ("FMLA") to care for her minor

daughter. *See id.* at ¶ 7. She claims that Defendant, by harassing her about the use of

FMLA benefits and ultimately by terminating her employment, wrongfully interfered with

her right to FMLA benefits, retaliated against her for her exercise of FMLA rights, and

breached an implied contract to follow certain procedures upon termination and to

terminate her only for cause. *See id.* at ¶ 10.

Factually, Plaintiff contends that upon her hire back in 1998, she was "subject to

a 90-day probationary period wherein she could be terminated with or without cause."

*Doc. 1* at 4, ¶ 11(a). Thereafter, Plaintiff contends she was "entitled to the processes

and protections as established in her Implied Employment Contract with New York Life."

*Id.* at ¶ 11(c). Plaintiff does not set out any specific terms in her alleged implied

contract. Plaintiff contends that the implied contract is

> comprised of all the surrounding circumstances of her
> employment including the words and actions of New York
> Life as expressed in: (i) the terms and conditions of the New
> York Life Employee Manual and supplemental Employee
> Informational Pamphlets, and (ii) the words and actions of
> New York Life through its supervisory employees, and (iii)
> how other New York Life employees in the same or similar
> conditions were customarily dealt with by New York Life.

*Id.* at 2-3, ¶ 6(a)(3). Specifically, Plaintiff contends that she "enjoyed an implied contract

that she would not be terminated from [New York Life] except for cause" and, further,

that her implied contract required pre-termination notice of poor performance, followed

by implementation of a performance plan and, upon her violation of the performance

plan, a formal letter of reprimand. *See id.* at 10-12. Although her Complaint contains

subsections detailing "Facts generally showing Plaintiff was entitled to FMLA leave

benefits" and "Facts generally showing New York Life's interference with Plaintiff's use

of FMLA leave benefits," the Complaint does not include further factual information

relating to her claims that Defendant breached an implied contract of employment. *See generally Doc. 1*.

Noting Plaintiff's lack of factual information supporting her implied contract claims, Defendant seeks dismissal of her third and fourth causes of action, which allege breach of implied contract to discharge only for cause and breach of implied contract to follow certain procedures in discharging Plaintiff, respectively. Defendant's motion is brought pursuant to Federal Rule of Civil Procedure 12(c).

## II.   LEGAL STANDARD

### A.  Motion for Judgment on the Pleadings

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is considered under the same standard of review applicable to a Rule 12(b)(6) motion to dismiss. *Morris v. City of Colo. Springs*, 666 F.3d 654, 660 (10th Cir. 2012). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plausibility standard adopted in Twombly and further explained in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), requires plaintiffs to "offer specific factual allegations to support each claim." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. Feb. 1, 2013) (quoting *Iqbal*). "The complaint must offer sufficient factual allegations 'to raise a right to relief above the speculative level.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded

3

claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  Although the Court must assume the truth of the properly alleged, or "well-pleaded," facts in the Complaint, the Court has no obligation to accept conclusory allegations as true.  *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

### B.  Motion to Amend

Under Federal Rule of Evidence 15, a party may amend its pleading once as a matter of course within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  A court, considering a motion for leave to amend under Rule 15, "should freely give leave when justice so requires."  *Id.*

It is in the Court's discretion to deny an untimely motion to amend when the movant fails to provide an adequate explanation for not timely moving to amend. *Birmingham v. Experian Information Solutions, Inc.*, 633 F.3d 1006 (10th Cir. 2011). When a party seeking amendment knows or should have known the facts on which the proposed amendment is based, but fails to include them in her original complaint, the motion to amend is subject to denial.  *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984).  It is "well settled" in the Tenth Circuit that

"untimeliness alone is a sufficient reason to deny leave to amend, especially when the movant has no adequate explanation for the delay. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (citations omitted).

## III.   ANALYSIS

"Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Burnett*, 706 F.3d at 1236 (quoting *Iqbal*, 556 U.S. at 679).  "This contextual approach means comparing the pleading with the elements of the cause(s) of action."  *Id.* (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012)). Plaintiffs need not "set forth a prima facie case for each element, [but he or] she is required to set forth plausible claims animating the elements" of the pled cause of action.  *Id.*  "Pleadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient."  *Id.* (quoting *Iqbal*).

This district has previously dismissed claims similar to Plaintiff's.  In *Back v. ConocoPhillips Co.*, the Honorable James O. Browning held that the defendant was entitled to judgment on the pleadings where, although the plaintiff had alleged the existence of an implied contract of employment, "he fail[ed] to identify what part of the contract ConocoPhillips breached.  He [] failed to put ConocoPhillips on notice as to what ConocoPhillips promised that it failed to deliver."  No. CIV 12-0261 JB/WDS, 2012 WL 6846397, at *20 (D.N.M. Aug. 31, 2012).  Judge Browning similarly dismissed an implied contract claim in *Armijo v. New Mexico Dept. of Transp.*, holding that

> Armijo has made a few conclusory allegations, but has not given an indication of the factual support he would need to prevail on his claim.  Count II, for Breach of Contract, for example, states that the Department would follow state

> employment policies and procedures, and that the
> Department terminated him in breach of those policies
> without just cause. Armijo does not, however, indicate what
> contractual provisions or employment policies the
> Department breached. For example, he does not say to
> what his employment contract entitles him or of what the
> Department deprived him.

No. CIV 08-0336 JB/ACT, 2009 WL 1329192, at *7 (D.N.M. Apr. 6, 2009).

Other federal courts considering implied contract claims have declined to dismiss such claims. The United States District Court for the District of Kansas, for example, held the plaintiff's claims should survive dismissal, where he pled an implied contract based on his employer's "'widely understood practices and procedures' providing for progressive discipline and fair warning prior to termination." *See Williams v. Evogen, Inc.*, No. 12-2620-JWL, 2013 WL 969808, at *4 (D. Kan. Mar. 12, 2013). These allegations, according to the District of Kansas court, were sufficient to raise a reasonable inference that the plaintiff was terminated without progressive discipline and/or fair warning. *See id.*; *accord Dreves v. Hudson Group Retail, LLC*, No. 2:11-CV-00004, 2012 WL 668774, at *3 (D. Vt. Feb. 29, 2012) (denying Rule 12(b)(6) motion to dismiss where the plaintiff "has specifically alleged that Hudson created an implied contract with her by implementing a 'policy and practice of providing her with progressive discipline and requiring just cause for her termination'").

Like the plaintiffs in *Back* and *Armijo*, Plaintiff in the present case has not identified what specific promises Defendant New York Life made. Plaintiff has likewise failed to identify the source of such promises, having alleged only that they arise out of unknown terms and conditions stated in Defendant's employee manual and supplemental pamphlets, unspecified words and actions of Defendant's supervisory

employees, and Defendant's manner of dealing with unidentified other employees who were allegedly situated similarly to Plaintiff.  *See Doc. 1* at 2-3, ¶ 6(a)(3).

Given the nature of Plaintiff's claims, however, the Court concludes that there is a sufficient factual basis under *Twombly/Iqbal*.  Plaintiff alleges a "breach of implied contract to discharge only for cause," raising the reasonable factual inferences that (1) Defendant promised to fire her only for cause and (2) Defendant actually fired her without cause.  *See Doc. 1* at 10.  Likewise, Plaintiff claims Defendant breached an implied contract to follow certain procedures in discharging Plaintiff, setting out the required procedures of (1) a performance plan and memorandum of understanding, and (2) a letter of reprimand noting that the employee had somehow failed to comply with the plan/memorandum.  *See id.* at 11-12.  Plaintiff further pleads that "NYL did not follow any of the above referenced procedures prior to terminating Plaintiff."  *Id.* at 12.  Defendant's Motion for Judgment on the Pleadings will therefore be denied.

In her Motion to Amend, Plaintiff seeks leave to amend her Complaint in order to offer "a more robust statement of facts."  *Doc.* 34, at 2-3.  Plaintiff does not allege that her proposed amendment is necessitated by new evidence; instead, the amendment is requested in response to Defendant's position, articulated in its Motion for Judgment on the Pleadings, that the Complaint provides insufficient factual support for Plaintiff's implied contract claims.  *Id.* at 6.  Notably, Plaintiff's proposed amended complaint contains the same causes of action and the same legal theories as those asserted in the original Complaint but simply incorporates various exhibits, primarily documents that were provided to Defendant in discovery, in an effort to bolster the factual support for her implied contract claims.  *Compare* Doc. 34, Ex. A *with Doc.* 1.

Because the Court concludes herein that Plaintiff's original Complaint provides a sufficient factual basis under *Twombly/Iqbal* to survive Defendant's Motion for Judgment on the Pleadings, and because Plaintiff seeks leave to amend solely to overcome Defendant's allegations of factual insufficiency, Plaintiff's Motion to Amend is rendered moot and will therefore be denied.

**Wherefore,**

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings on Plaintiff's Breach of Implied Contract Claims *(Doc. 20)* is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion and Memorandum for Leave to File Her First Amendment of Complaint (*Doc.* 34) is DENIED AS MOOT.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE